UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-470S |
| | : | |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., HARRISON CONDIT, and FORTUNE FINANCIAL SERVICES, INC., | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-471S |
| | : | |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., ESTELLA RODRIGUES, EDWARD MAGGIACOMO, JR., LIFEMARK SECURITIES CORP., and PATRICK GARVEY, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-472S |
| | : | |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., ADM ASSOCIATES, LLC, EDWARD HANRAHAN, THE LEADERS GROUP, INC., and CHARLES BUCKMAN, | : | |
|     Defendants. | : | |

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, : :| |
|     Plaintiff, : | |
| : | |
|     v. : | C.A. No. 09-473S |
| : | |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., DK LLC, EDWARD HANRAHAN, THE LEADERS GROUP, INC., and JASON VEVEIROS, : | |
|     Defendants. : | |

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, : | |
|     Plaintiff, : | |
| : | |
|     v. : | C.A. No. 09-502S |
| : | |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., NATCO PRODUCTS CORP., EDWARD HANRAHAN, and THE LEADERS GROUP, INC., : | |
|     Defendants. : | |

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, : | |
|     Plaintiff, : | |
| : | |
|     v. : | C.A. No. 09-549S |
| : | |
| LIFEMARK SECURITIES CORP., JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., and EDWARD MAGGIACOMO, JR., : | |
|     Defendants. : | |

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 09-564S |
| | : |
| JOSEPH CARAMADRE, RAYMOUR RADHAKRISHNAN, ESTATE PLANNING RESOURCES, INC., HARRISON CONDIT, and FORTUNE FINANCIAL SERVICES, INC., | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

  Pursuant to 28 U.S.C. § 636(b)(1)(A), today I am issuing a memorandum and order determining Plaintiffs' Motion to File Consolidated Complaint and to Dismiss C.A. Nos. 09-471, 09-472, 09-473, 09-502, 09-549 and 09-564 without Prejudice (the "Motion") to the extent that it seeks to amend the complaints by joining all of the claims and parties in a single matter (09-470S) and substantively consolidating all of the cases for pretrial purposes, leaving the Court to determine hereafter whether separate trials of separate claims will be appropriate. ECF No. 174.[1] In this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), I incorporate the memorandum and order by reference and separately address the Motion's prayer that this Court dismiss 09-471S, 09-472S, 09-473S, 09-502S, 09-549S and 09-564S (the "six cases") without prejudice.

  It must be noted that, during the hearing held on November 12, 2015, I was under the impression that the six cases could be administratively closed so that there would be no need to dismiss them, and therefore no need for the Court to address whether such dismissal should be

---

[1] Because this Court's Consolidation Order designated C.A. No. 09-470S as the vehicle for all filings, only the ECF references from C.A. No. 09-470S are used in this memorandum and order. See ECF No. 86.

3

without prejudice as Plaintiffs argue or with prejudice as Defendants contend.  After the hearing, it became clear that the goal of avoidance of the confusion created by the seven dockets can be achieved only with dismissal of the six cases.  Having determined that the Consolidated Complaint may proceed in 09-470S, it therefore is clear that the six cases must be dismissed to avoid the administrative confusion[2] that was one of Plaintiffs' principal goals in initiating the Motion.  The remaining issue is whether the dismissal of the six cases should be with or without prejudice.

The adverse consequence to Plaintiffs of dismissal with prejudice is obvious – it would permit Defendants to argue that the claims so dismissed may not be reasserted in the Consolidated Complaint.  By contrast, Defendants argue for dismissal with prejudice to prevent Plaintiffs from pursuing these claims in fora other than 09-470S.  This risk – remote in that Plaintiffs plainly intend to proceed only in 09-470S – is not eliminated by leaving the status quo unchanged, as Defendants request.  The ability of Plaintiffs to file new claims in other courts is the same whether the claims in the District of Rhode Island are being litigated in 09-470S or in all seven of the currently pending cases.

Based on the foregoing, I find that dismissal without prejudice properly reflects what is happening – the claims in the six cases are not being terminated but rather will continue to be litigated in 09-470S based on the Consolidated Complaint, which joins all Plaintiffs, Defendants and claims in a single action.  Dismissal with prejudice is also contrary to the intent of the parties and the Court that, at the end of the pretrial phase, claims involving disparate parties may well be

---

[2] Although the Court's original Consolidation Order, entered on February 18, 2011, ECF No. 86, directed the parties to file all pretrial pleadings in 09-470S, that directive has not been consistently followed.  The result has been chaos – to illustrate, prior to the hearing on this Motion, the Court had to survey repeatedly each of the seven dockets to ascertain whether any party had made any relevant filing.  As a result of this time-consuming and inefficient exercise, at least one objection, which had been filed in another matter and otherwise would have been overlooked, was discovered.  With the array of Defendants now including three *pro se* litigants, the risk of such confusion is heightened.

separated for trial.  Moreover, at the request of Defendants, the memorandum and order makes clear that all rulings and orders entered in any of the six cases remain the law of the case and are deemed to have been made in 09-470S.  In sum, the intent is not to terminate the claims in the six actions forever, but rather that the claims that Plaintiffs still wish to assert will proceed in 09-470S through the vehicle of the Consolidated Complaint.  Thus, dismissal without prejudice is the appropriate way to shut down the six cases.

Based on the foregoing, I recommend that this Court grant the Motion, establishing C.A. No. 09-470S as the surviving case, and dismissing without prejudice the six cases, C.A. Nos. 09-471S, 09-472S, 09-473S, 09-502S, 09-549S and 09-564S.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 16, 2015