UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
WESTERN RESERVE LIFE ASSURANCE CO.  )
OF OHIO, et al.,                    )
                                   )
            Plaintiffs,             )
                                   )
     v.                             )    C.A. No. 09-470 WES
                                   )
JOSEPH A. CARAMADRE, et al.,        )
                                   )
            Defendants.             )
                                   )
_____ )

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

This marks the end of a decade-old dispute in which two insurance companies, Plaintiffs Western Reserve Life Assurance Co. of Ohio ("WRL") and Transamerica Life Insurance Company ("Transamerica") sued Defendants Joseph A. Caramadre, Raymour Radhakrishnan, and ADM Associates, LLC ("ADM")[1] for a complex insurance fraud scheme that previously has been described in detail. See, e.g., W. Reserve Life Assur. Co. of Ohio v. ADM Assocs., LLC, 737 F.3d 135, 136-39 (1st Cir. 2013). Before the Court are Plaintiffs' Motion for Entry of Final Summary

---

[1] Plaintiffs seek entry of judgment against Defendants on Counts V, VI, and XVI, as described below. All claims against all other defendants to the Amended Consolidated Complaint have been resolved. See Pls.' Mot. for Entry of Final Summ. J. 1-2 & n.1, ECF No. 298; Pls.' Mot. to Dismiss All Unresolved Claims, ECF No. 300; June 30, 2020, Minute Entry (reflecting that the Court granted ECF No. 300 from the bench).

Judgment, ECF No. 298, and Defendant Joseph A. Caramadre and Defendant ADM Associates LLC's Motion to Request a Hearing to Clarify Damages Amount Sought by Plaintiffs in Document 298 ("Defs.' Mot. to Request a Hr'g"), ECF No. 303.  For the reasons below, the Court GRANTS Plaintiffs' Motion for Entry of Final Summary Judgment, and GRANTS IN PART Defendants' Motion to Request a Hearing to the extent that the Court held a hearing on Plaintiff's Motion for Summary Judgment on June 30, 2020, and DENIES IN PART Defendants' Motion to Request a Hearing to the extent it opposes the amount of damages awarded here.

I.   Background

This civil case was filed in 2009 against the present Defendants, along with several additional defendants. Subsequently, Defendants Caramadre and Radhakrishnan were all together indicted on sixty-six counts of wire fraud, mail fraud, conspiracy, identity fraud, aggravated identity theft, money laundering, and witness tampering, see Indictment, ECF No. 1 in Cr. No. 11-186, in connection with the conduct underlying the claims in this civil case, viz., conspiring "to make millions of dollars by securing the identities of terminally-ill people through material misrepresentations and omissions to be used to purchase variable annuities and corporate bonds with death-benefit features."  United States v. Caramadre, 882 F. Supp. 2d

302, 304 (D.R.I. 2012). In 2013, Defendants pleaded guilty and were convicted of wire fraud and conspiracy to commit offenses against the United States. See ECF Nos. 223, 224, 247, 248 in Cr. No. 11-186. The following year, after holding a three-day evidentiary hearing, the Court ordered Caramadre and Radhakrishnan to pay a total of $2,012,371.49 in restitution to Plaintiffs WRL and Transamerica. See United States v. Caramadre, No. CR No. 11-186 S, 2014 WL 409336, at *1, App'x 1 & 2 (D.R.I. Feb. 3, 2014), aff'd, 807 F.3d 359 (1st Cir. 2015).[2] Specifically, the restitution order directs Radhakrishnan and/or Caramadre to pay restitution to Plaintiffs as follows: $1,102,464.28 jointly and severally to WRL; $805,926.18 jointly and severally to Transamerica; and $103,981.03 by Caramadre individually to Transamerica. See id.

In 2017, in this civil case, the Court granted summary judgment in favor of Plaintiffs on Counts IV (RICO violations) and V (civil liability pursuant to R.I. Gen. Laws § 9-1-2) against Caramadre and Radhakrishnan, as well as on Count XIII (reverse piecing the corporate veil). Transamerica Life Ins. Co. v. Caramadre, C.A. No. 09-470 S, 2017 WL 752145, at *1-4 (D.R.I. Feb. 27, 2017). This Court also granted summary

---

[2] See Gov't Ex. 25 to Restitution Hr'g (Summ. of Losses from Variable Annuities), Vol. II, 31:10-20 (Oct. 9, 2013), in Cr. No. 11-186.

judgment in favor of Plaintiffs on Defendants' counterclaims for breach of contract, promissory estoppel, breach of duty of good faith and fair dealing, declaratory judgment, and negligent infliction of emotional distress. Id. at *4-7.

Plaintiffs now move for summary judgment on damages, asking the Court to award damages consistent with the amount of the restitution order in Defendants Caramadre's and Radhakrishnan's related criminal cases. See generally Pls.' Mot. for Entry of Final Summ. J., ECF No. 298.

II. Legal Standard

On a motion for summary judgment, the Court construes "the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in that party's favor." Baum-Holland v. Hilton El Con Mgmt., LLC, 964 F.3d 77, 87 (1st Cir. 2020). "Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

A court may grant an unopposed motion for summary judgment "if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56." Pearson v. Hillsborough Cty. Dep't of Corr., No. CIV. 99-584-JD, 2001 WL 536079, at *1 (D.N.H. May 21, 2001) (citing Carmona v. Toledo,

4

215 F.3d 124, 134 n.9 (1st Cir. 2000)). When a motion for summary judgment stands unopposed, the moving party's undisputed facts, where properly supported, are deemed admitted. D.R.I. LR Cv 56(a)(3); see also Campney v. Superintendent, Bare Hill Corr. Facility, Civil No. 06-cv-297-JD, 2010 WL 520908, at *1 (D.N.H. Feb. 10, 2010). The Court must then "consider the claims based on the record, taking the uncontested facts in the light most favorable to the nonmoving party." Campney, 2010 WL 520908, at *1 (citing Sanchez-Figueroa v. Panco Popular de P.R., 527 F.3d 209, 212 (1st Cir. 2008)).

III. Discussion

    A.   Damages Award

In response to Plaintiffs' Motion for Entry of Final Summary Judgment, Defendant Caramadre — purportedly on behalf of ADM and himself — requested a hearing to clarify damages. See Defs.' Mot. to Request a Hr'g 1. He contends that the restitution order reflects an inaccurate measure of damages because it does not take into account offsets to the losses related to the Charles Buckman annuity, which he avers Plaintiffs wrongly withheld. Id. As the Court understands the argument, Caramadre believes that, had he and ADM had control over the Charles Buckman annuity and subaccount allocations during the pendency of this case, his investment prowess would

have offset these damages and allowed ADM to retain an attorney. Id.

Caramadre's arguments gain no traction. First, the Court's Local Rules prohibit ADM — an LLC — from representing itself pro se. See D.R.I. LR Gen 205(a)(3). Nor may Caramadre, a disbarred attorney, represent ADM. See D.R.I. LR Gen 201(a). Second, ADM is the only entity or person with a claim to the Buckman annuity; Caramadre has no claim to it. Transamerica Life Ins. Co., 2017 WL 752145, at *5 ("Caramadre does not have any contractual rights with respect to the Charles Buckman annuity and cannot bring any claims against WRL with respect to this annuity."). Lastly, this Court previously granted summary judgment against Caramadre's and ADM's counterclaims relating to the Charles Buckman annuity. Id. at *4-7. Caramadre's arguments are therefore neither properly raised on ADM's behalf, nor persuasive in any event.

In calculating the proper damages award, the Court notes that Defendants have failed to file a responsive statement of disputed facts, and thus the facts set forth in Plaintiffs' Statement of Undisputed Material Facts are deemed admitted where supported by competent evidence. See D.R.I. LR Cv 56(a)(3).

The Court concludes that, as a result of Defendants' liability under Counts IV, V, and XIII, see Transamerica Life

6

Ins. Co., 2017 WL 752145, at *1-4 (granting summary judgment for Plaintiffs on Counts IV, V, and XIII), WRL incurred damages of $1,102,464.28, and Transamerica incurred damages of $909,907.21. See Gov't Ex. 25 (Summ. of Losses from Variable Annuities), Restitution Hr'g, Vol. II, 31:10-20 (Oct. 9, 2013), in Cr. No. 11-186; see also Caramadre, 2014 WL 409336, at App'x 1 & 2 (ordering restitution to WRL and Transamerica in these amounts).

In addition to the competent evidence supporting the finding in the criminal restitution order, Plaintiffs are also entitled to damages from Caramadre and Radhakrishnan, "barring any applicable defenses", in the amount set forth in their criminal restitution order under the doctrine of collateral estoppel. See New York City Dist. Council of Carpenters Pension Fund v. Forde, No. 11 Civ. 5474(LAP)(GWG), 2018 WL 2455437, at *15 (S.D.N.Y. June 1, 2018), report and recommendation adopted as modified, 341 F. Supp. 3d 334 (S.D.N.Y. 2018) (holding that judicial findings of fact have no evidentiary value, but may be used under the doctrine of collateral estoppel to award damages in the amount equal to the restitution award in related RICO criminal case); see also 18 U.S.C. § 3664(l) ("A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal

7

civil proceeding . . . brought by the victim."); Connell v. BRK Brands, Inc., C.A. No. 10-12101-TSH, 2013 WL 3989649, at *5 n.2 (D. Mass. Aug. 1, 2013) ("'Non-mutual' offensive collateral estoppel occurs when a plaintiff seeks to prevent a defendant from relitigating an issue which that defendant previously unsuccessfully litigated against a different party." (citing Acevedo-Garcia v. Monroig, 351 F.3d 547, 573 (1st Cir. 2003)).

    B.    Treble Damages, Costs, and Attorneys' Fees

18 U.S.C. § 1964(c) states that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter . . . shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . ."  The Court previously held that Caramadre and Radhakrishnan violated sections 1962(c) and (d) by engaging in a multi-year pattern of racketeering activity, see Transamerica Life Ins. Co., 2017 WL 752145, at *3, and accordingly, Plaintiffs are entitled to treble damages, costs, and attorneys' fees under § 1964(c).

IV.  Conclusion

For the reasons stated herein, the Court GRANTS Plaintiffs' Motion for Entry of Final Summary Judgment, ECF No. 298; and GRANTS IN PART Defendants' Motion to Request a Hearing to the extent that the Court held a hearing on Plaintiff's Motion for

8

Summary Judgment on June 30, 2020, and DENIES IN PART Defendants' Motion to Request a Hearing to the extent it opposes the amount of damages awarded herein, ECF No. 303. Plaintiffs are entitled to final judgment on Counts V, VI, and XVI of the Amended Consolidated Complaint in the following amounts:

- In favor of WRL and against Caramadre, Radhakrishnan, and ADM, jointly and severally, in the amount of $3,307,392.84;

- In favor of Transamerica and against Caramadre, Radhakrishnan, and ADM, jointly and severally, in the amount of $2,417,778.54; and

- In favor of Transamerica and against Caramadre and ADM, jointly and severally, in the amount of $311,943.09.

Plaintiffs may seek costs and/or attorneys' fees in accordance with D.R.I. Local Rules Cv. 54 and 54.1.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: September 23, 2020